IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARINO RODIREQUEZ,

    Plaintiff,

v.

SCI-MERCER, et al.,

    Defendants.

CIVIL ACTION
NO. 17-4294

**OPINION**

**Slomsky, J.**                                                                                                                             April 9, 2019

**I. INTRODUCTION**

Before the Court is the pro se Petition for Writ of Habeas Corpus of Petitioner Marino Rodirequez ("Petitioner"), a state prisoner, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 3, 2019, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued. (Doc. No. 18.) On January 22, 2019, having received no objections to the R&R from Petitioner, the Court entered an Order adopting and approving the R&R in its entirety. (Doc. No. 21.) Later that same day, Petitioner filed Objections to the R&R. (Doc. No. 22.) Although not filed of record until January 22, 2019, the Objections bear a signature date of January 15, 2019. (Id.) Petitioner's Objections are now before the Court for review.

For the reasons stated below, the Court will once again approve and adopt the R&R (Doc. No. 18), and will deny the Petition (Doc. No. 1).[1]

---

[1] For purposes of this Opinion, the Court has considered Petitioner's Habeas Corpus Petition (Doc. No. 1), the Response in Opposition to the Petition (Doc. No. 15), the Report and Recommendation (Doc. No. 18), Petitioner's Objections to the Report and Recommendation (Doc. No. 22), and the pertinent state court record.

1

## II. BACKGROUND

On August 28, 2006, Petitioner Marino Rodirequez ("Petitioner") was charged with several drug-related offenses, including possession with intent to distribute heroin, stemming from an undercover controlled narcotics investigation that took place at his home located at 1828 East Thayer Street in Philadelphia, Pennsylvania on June 12, 2006. (Doc. No. 15-1 at 5; Doc. No. 18 at 2.) On September 18, 2006, Petitioner was formally arraigned, and on December 18, 2006, the case was assigned to the Honorable Glenn B. Bronson of the Court of Common Pleas of Philadelphia County for further proceedings. (Doc. No. 15-1 at 3.)

Petitioner's trial was initially scheduled to take place on April 24, 2007. (Doc. No. 15-1 at 3.) Although Petitioner had previously appeared in court for a preliminary hearing and arraignment, he failed to appear for trial on that date. (Id.) Following his failure to appear before Judge Bronson, Petitioner was subpoenaed to appear in court on a number of occasions, including on April 27, 2007, June 22, 2007, July 6, 2007, August 31, 2007 and October 29, 2007. (Doc. No. 18 at 2.) Petitioner signed and returned each subpoena, yet he did not appear before Judge Bronson and, in fact, never made an appearance in court following his pre-trial proceedings. According to the docket sheet from the Court of Common Pleas, Petitioner's trial had to be continued twenty-two (22) times between 2007 and 2010, primarily due to his failure to appear in court. (Id. at 3-4.)

On November 12, 2008, Judge Bronson conducted a hearing to determine how to proceed with Petitioner's case given his refusal to appear in court. (Doc. No. 15-1 at 10.) Judge Bronson ultimately issued a bench warrant and relisted Petitioner's trial for February 17, 2009. (Id.) Unsurprisingly, Petitioner failed to appear. On February 18, 2009, at another hearing conducted before Judge Bronson, the prosecutor assigned to Petitioner's case informed the court that he

2

intended to pursue a trial as opposed to "nolle pros" the charges, even if that meant conducting the trial in absentia or, in other words, without Petitioner present.[2] (Doc. No. 15-3 at 3:13-21.)

On July 19, 2010, Petitioner's trial began without him. (Doc. No. 15-1 at 13.) On July 20, 2010, a jury convicted Petitioner of possession with intent to distribute heroin. (Doc. No. 18 at 3; Doc. No. 15-1 at 13.) Immediately following the conviction, Judge Bronson imposed a sentence of "six and one-half to thirteen years' imprisonment." (Doc. No. 18 at 3; Doc. No. 15 at 1.) Petitioner did not appeal or file post-trial motions.

On January 15, 2015, Petitioner was arrested outside of Pennsylvania. (Doc. No. 15 at 3; Doc. No. 15-8 at 3.) During the Spring of 2015, Petitioner began serving the sentence imposed by Judge Bronson. (Doc. No. 18 at 3; Doc. No. 15-1 at 15.) Consequently, on May 11, 2015, Judge Bronson entered an Order lifting the bench warrant. (Doc. No. 15-1 at 15.)

On January 26, 2017, Petitioner filed a pro se Petition for Writ of Habeas Corpus in the Court of Common Pleas. (Doc. No. 15-1 at 15; Doc. No. 15-6.) In the petition, Petitioner argued that his conviction was improper because (1) the trial court did not have the authority to try the case in absentia, and (2) the trial court imposed an illegal sentence for his conviction. (Doc. No. 15-6.) Then, on July 6, 2017, Petitioner filed a petition for collateral relief from his sentence under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 et seq. (Doc. No. 15-7.) In the PCRA Petition, Petitioner (1) challenged the legality of his sentence; and (2) argued ineffective assistance of his trial counsel, Louis Savino, Esquire, based on Mr. Savino's alleged failure to explain to Petitioner the elements of the crime with which he was charged. (Id.)

---

[2] Nolle prosequi or "nolle pros" for short, is defined as "a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at anytime in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information." Commonwealth v. Ahearn, 670 A.2d 133, 135 (Pa. 1996).

3

On September 22, 2017, Petitioner's court-appointed PCRA counsel, Donald Bermudez, Esquire, filed a Turner/Finley[3] no-merit letter with respect to the PCRA Petition, accompanied by a motion to withdraw as counsel. (Doc. No. 15-8.) Mr. Bermudez explained that Petitioner's PCRA Petition was time-barred under the Statute for not being filed within one year of when Petitioner's judgment of sentence became final. (Id.) On December 14, 2017, at the state court's direction, Mr. Bermudez filed a supplemental Turner/Finley no-merit letter to address Petitioner's habeas corpus petition. (Doc. No. 15-9.) In the supplemental letter, Mr. Bermudez explained that Petitioner was not entitled to either state or federal habeas corpus relief. Mr. Bermudez explained that Petitioner was not entitled to state habeas relief because the PCRA was Petitioner's "sole means" of obtaining relief from his sentence. (Id. at 2-4.) Mr. Bermudez explained that Petitioner could not pursue federal habeas relief because Petitioner had not exhausted his claims of ineffective assistance of counsel, trial in absentia, and illegal sentence in Pennsylvania state court. (Id. at 4-5.)

On December 14, 2017, the same day Mr. Bermudez filed the supplemental Finley/Turner no-merit letter, Judge Bronson issued a Notice of intent to dismiss the PCRA Petition pursuant Pennsylvania Rule of Criminal Procedure 907.[4] (Doc. No. 15-10.) On February 1, 2018, Judge

---

[3] A Turner/Finley letter is a "no merit" letter sent to the court "'detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, and explaining why and how these issues lack merit, and requesting permission to withdraw.'" Fudge v. Overmyer, No. 14-1923, 2015 WL 1163441, at *1 n.1 (M.D. Pa. Mar. 13, 2015) (quoting Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. Ct. 2007)). See also Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988); Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988) (en banc).

[4] Pennsylvania Rule of Criminal Procedure 907 provides in relevant part as follows:

> . . . the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues

4

Bronson granted Petitioner's request for an extension of time to respond to the court's Rule 907 Notice and gave Petitioner until March 1, 2018 to do so. (Doc. No. 15-11.) Petitioner never filed a response. Consequently, on March 16, 2018, Judge Bronson ordered that Petitioner's PCRA Petition be dismissed as untimely. (Doc. No. 15-12.) Petitioner did not file an appeal.

Meanwhile, on September 18, 2017, Petitioner, proceeding pro se, submitted the instant Petition for Writ of Habeas Corpus, which was filed of record with the Court on September 25, 2017. (Doc. No. 1.) In it, Petitioner asserts two grounds for relief: (1) that his trial was improperly conducted in his absence or "in absentia," and (2) that Judge Bronson imposed an illegal sentence because he upgraded his sentence from the mandatory minimum without submitting elements of the sentence to a jury. (Id.) On November 28, 2018, the government filed its Response. (Doc. No. 15.)

On January 3, 2019, Magistrate Judge Elizabeth T. Hey issued a R&R recommending that the Petition be dismissed as untimely and that a certificate of appealability not be issued. (Doc. No. 18.) On January 15, 2019, Petitioner submitted Objections to the R&R, but the Objections were not filed of record until January 22, 2019. (Doc. No. 22.) On January 22, 2019, before the Objections were received by the Court, the Court entered an Order approving and adopting the R&R in its entirety. (Doc. No. 21.) After receiving Petitioner's Objections, the Court vacated its

---

concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa. R. Crim. P. 907(1).

Order approving and adopted the R&R on March 19, 2019. (Doc. No. 23.) The Objections are now before the Court for review. For the reasons that follow, the Court will overrule the Objections and once again approve and adopt the R&R.

III.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. See § 636(b)(1)(B); E.D. Pa. Civ. R. 72.1. Any party may file objections in response to the magistrate judge's report and recommendation. § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 784, 878 (3d Cir. 1987).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. E.D. Pa. Civ. R. 72.1. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). For pro se litigants, however, this rule may be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to the court as an objection).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).

6

"Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV. ANALYSIS

As noted, Petitioner raised two claims for relief in the Petition: (1) that the state court improperly conducted a trial in absentia; and (2) that the state court imposed an illegal sentence. (Doc. No. 1.) Magistrate Judge Hey recommended that the Petition be denied, finding that it was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that it could not be rendered timely by statutory or equitable tolling. (Doc. No. 18.)

In his Objections, Petitioner reiterates the claims made in the Petition and reasserts the same arguments regarding his trial in absentia and sentence. (Doc. No. 22.) First, Petitioner argues that the trial in absentia violated his constitutional rights because it was due to the ineffective assistance of his trial counsel that he failed to appear for trial before Judge Bronson. (Id. at 2-4.) In his second Objection, Petitioner makes an Alleyne claim. As explained in more detail infra, Petitioner argues that Judge Bronson violated Alleyne v. United States, 570 U.S. 99 (2013) by imposing a sentence on him that exceeded the mandatory minimum sentence without first submitting elements of the sentence to a jury. (Id. at 2-4.)

Petitioner's Objections are not proper Objections under Local Rule of Civil Procedure 72.1.IV(b). As noted, Local Rule of Civil Procedure 72.1.IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendation or report under 28 U.S.C. § 636(b)(1)(B) . . . within fourteen days after being served with a copy thereof" by filing written objections that "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." See Local R. Civ. P.

7

72.1.IV(b). Thus, courts in the Third Circuit have consistently held that objections that "merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." Morgan v. Astrue, Civ. A. No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (citing Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)) (collecting cases).

Because Petitioner's Objections simply restate the same arguments made in his Petition that have already been considered by the Magistrate Judge, the Objections are not entitled to a de novo review. In the interest of judicial economy, however, the Court will first address the untimeliness of the Habeas Corpus Petition and, next, address Petitioner's Objections in turn.

### A. The Magistrate Judge Correctly Determined That The Petition Is Untimely

The Court agrees with the Magistrate Judge that Petitioner's Habeas Corpus Petition is untimely under the AEDPA and that it cannot be rendered timely by statutory or equitable tolling.

#### 1. Timeliness

In 1996, Congress passed the AEDPA which enacted a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) a 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ---
>
> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. Absent one of the circumstances described in § 2244(d)(1)(B)-(D), the one-year period begins to run on the date the judgment of sentence becomes final in state court, unless statutory or equitable tolling applies. Id.

To determine when a sentence becomes final, federal courts look to state law. Under Pennsylvania law, an appeal may be filed within thirty days from the date of the entry of the order to be appealed. See Pa. R.A.P. 903(a). If an appeal is not filed, the judgment is considered final when the thirty days expires. See 42 Pa. Cons. Stat. Ann. § 9545; see also Gonzalez v. Thaler, 565 U.S. 134,151 (2012).

In this case, Petitioner was convicted and sentenced to prison on July 20, 2010. On August 19, 2010, once thirty (30) days had passed and his time to file a direct appeal had expired, Petitioner's judgment of sentence became final. Thus, under the default rule of § 2244(d)(1)(A), Petitioner had until August 19, 2011, one year after his judgment of sentence became final, to file this Petition. Petitioner did not file this Petition until six years later, on September 18, 2017. (Doc. No. 1.)

With respect to the alternative time periods set forth at § 2244(d)(1)(B) and (C), the Magistrate Judge found that neither time frame applied to Petitioner's case. Under § 2244(d)(1)(B), the Magistrate Judge appropriately determined that no impediment prevented Petitioner from timely filing this Petition. (Doc. No. 18 at 6.) Under § 2244(d)(1)(C), the Magistrate Judge correctly concluded that Petitioner had failed to assert a newly-recognized law which would justify his late filing. (Id.)

Upon consideration of § 2244(d)(1)(D), the Magistrate Judge found that the "implication in [Petitioner's] petition that he was unaware of the trial and sentence could implicate the undiscovered fact provision of subsection D." (Id.) In the R&R, the Magistrate Judge noted that:

> . . . it is not entirely clear on what date Rodirequez learned about his trial and sentence, but he does not assert that he lacked knowledge after he began serving the sentence. Therefore, at the latest, he "could have . . . discovered" that he was convicted in absentia and sentenced subject to a mandatory minimum in June 2015, when Judge Bronson lifted the bench warrant so that he could start earning time on his sentence.

(Id.) Because of Petitioner's alleged unawareness of his trial and sentence, the Magistrate Judge assumed for Petitioner's "benefit that he could not have discovered his conviction and sentence until June 2015." (Id.) Thus, the Magistrate Judge employed a June 2015 start date for Petitioner's AEDPA one-year limitations period. (Id. at 6-7.)

Even so, the Magistrate Judge properly found that the Petition was untimely filed for not being submitted by June 2016, within one year of June 2015. (Id. at 7.) Petitioner offers no Objection to the R&R's conclusion in this regard. The Court agrees with the R&R that the Petition, even using the alternate time period beginning in June 2015, was untimely filed. For this reason, the Petition is untimely under the AEDPA.[5]

### 2. Equitable Tolling

Though not explicitly set forth in his Objections, some of the arguments raised by Petitioner could be construed as an argument that his Petition should be entitled to equitable tolling of the

---

[5] Petitioner does not Object to the Magistrate Judge's conclusion that statutory tolling, as set forth at § 2244(d)(2), cannot be invoked to render his Petition timely. (Doc. No. 18 at 7-8; Doc. No. 22.) In any event, the Magistrate Judge properly determined that the Petition was not entitled to statutory tolling because Petitioner's PCRA Petition had not been timely filed with the state court. An untimely PCRA petition is not considered a "properly filed" application for state relief under § 2244(d)(2) and cannot be used to statutorily toll the one-year time period. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).

AEDPA one-year limitations period. (Doc. No. 22.) For the following reasons, the Court agrees with the R&R that Petitioner is not entitled to equitable tolling.

In addition to statutory tolling under § 2244(d)(2), the limitations period under the AEDPA can be equitably tolled if the petitioner shows "(1) that he has been pursuing this rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 634, 649 (2010). While "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case . . . courts must be sparing in their use of equitable tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d. Cir. 2012) (internal citations omitted). The Third Circuit has enumerated several circumstances where equitable tolling is allowed:

> (1) if the Commonwealth has actively misled the petitioner, (2) if the petitioner has in some extraordinary way been prevented from asserting his or her rights, (3) if the petitioner has timely asserted rights but has mistakenly done so in the wrong forum, or (4) if the petitioner received inadequate notice of the right to file suit, a motion for appointment of counsel is pending, or the court has misled the petitioner into believing that he or she has done everything required."

Sierra v. Lamas, No. 13-6264, 2015 WL 4093908, at *6 (E.D. Pa. July 7, 2015) (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

In this case, Petitioner has (1) not pursued his rights diligently, and (2) set forth no extraordinary circumstance(s) which would have prevented him from timely filing the Petition. Petitioner has only himself to blame for his untimely filing. Petitioner's trial and sentencing were conducted in his absence because Petitioner willfully failed to appear in court before Judge Bronson on several occasions. Simpson v. Corbett, No. 10-5526, 2012 WL 1671217, at *1 (E.D. Pa. May 14, 2012) ("the irony is not lost on this court that Petitioner claims it was the Commonwealth's in absentia proceedings that impeded his ability to comply with AEDPA's deadline, when those proceedings took place only because Petitioner willfully absconded on the

day the verdict was announced . . . ."). Even giving Petitioner the benefit of the doubt and triggering his one-year AEDPA limitations period from when he learned of his sentence in June 2015, Petitioner gives no reason for why he waited to file this Petition until more than two years later, in September 2017. (Doc. No. 18 at 9.)

Upon considering the arguments raised in Petitioner's Objections, the Court is satisfied that none of the Objections undermine the R&R's determination that equitable tolling of the AEDPA one-year period is not warranted in this case. Because the Court agrees with the Magistrate Judge that equitable tolling does not apply, the Petition is untimely and Petitioner's Objections will be overruled.

### B. Even If The Petition Were Timely, Petitioner's Claim Regarding His Trial in Absentia Is Meritless

In both the Petition and his Objections, Petitioner argues that the trial court improperly conducted his trial in absentia. (Doc. Nos. 1, 22.) Petitioner claims that it was the ineffective assistance of his counsel, Mr. Louis Savino, Esquire, that caused him to miss his trial date. He specifically alleges that Mr. Savino failed to inform him that his trial was scheduled and in fact discouraged him from appearing before Judge Bronson because Judge Bronson was dealing with a drug-related issue in his own family at the time. (Doc. No. 1 at 5-6; Doc. No. 22 at 2-3.) This argument is unconvincing.

Pennsylvania Rule of Criminal Procedure 602 provides as follows:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa. R. Crim. P. 602(A). "[W]hen a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried in absentia." Camello v. Johnson, No. 12-00280, 2013 WL

12

1124396, at *5 (E.D. Pa. Feb. 20, 2013) (citing Commonwealth v. Sullens, 619 A.2d 1349, 1352 (Pa. 1992)). "A defendant, likewise, may be sentenced in abstentia if he does not have good cause for his absence on the day of sentencing, and if he is knowingly and voluntarily absent." Sierra, 2015 WL 4093908 at *9, n.1 (citing Commonwealth v. Hilburn, 746 A.2d 1146, 1165 (Pa. Super. 2000)).

As previously noted, Petitioner's trial was originally scheduled to begin on April 24, 2007, but Petitioner failed to appear. (Doc. No. 15-1 at 3.) This marked the first of several trial dates that Petitioner failed to appear for, culminating in his trial and sentencing being conducted in absentia on July 20, 2010. (Doc. No. 15-1.) In an attempt to show cause for his absence, Petitioner blames his failure to appear for trial and sentencing on his trial counsel, Mr. Louis Savino, Esquire.[6] Petitioner raises the following claim in the Petition:

> Attorney Louis Savino notified me and stated that trial was cancelled due to my Judge's daughter passed and Mr. Savino would notify me of a new date. I was never notified of a new trial date. A date was scheduled without me being notified and no attempts from the courts and a trial and sentencing was held on the same day in my absentia.

(Doc. No. 1 at 5.) Likewise in his Objections, Petitioner reiterates this claim as follows:

> . . . Mr. Louis Savino, knew the reasons that applicant was not present for trial and did not provide the court with those facts. Being that, Mr. Savino, stressed that this was not a good time to go in front of the judge, being that he lost his daughter to drug overdose or she was hospitalized because of one. Either case, it was at the direction of counsel. Comported with the fact, that petitioner still was not informed of trial date. Simply informed, "It's over".

---

[6] Petitioner repeatedly argues that his failure to appear for trial and sentencing were a result of the lack of communication he had with his counsel, Louis Savino, Esquire. (Doc. Nos. 1, 15-12 (PCRA Petition), 22.) Upon review of the record, however, it appears that Petitioner was represented at his trial and sentencing by Anthony Stefanski, Esquire. (Doc. Nos. 15-4, 15-5.) The Court is not aware of what role Mr. Savino played with respect to Petitioner's trial. Yet because pro se litigants are afforded substantial deference, the Court will presume for purposes of addressing this claim that Petitioner at least relied to some extent on Mr. Savino to communicate to him the details regarding his case.

13

(Doc. No. 22 at 2.)

Petitioner's attempts to blame his absence at trial and sentencing on Mr. Savino are unavailing. Petitioner's claim that he did not know of his trial date(s) because Mr. Savino failed to communicate the dates to him is directly contradicted by the record. As noted, the state court record contains several subpoenas signed by Petitioner which compelled him to appear in court before Judge Bronson. (Doc. No. 15-5 at 22-23.) Regardless of Mr. Savino's alleged lack of communication, the subpoenas establish that Petitioner possessed the requisite information to attend and participate in his own trial and sentencing. That Petitioner failed to do so is no one's fault but his own. Moreover, Petitioner's claim that Mr. Savino affirmatively told him not to appear before Judge Bronson is unsupported by the record and Petitioner has presented no evidence to prove this claim.

Because Petitioner has not shown cause for his absence from his trial and sentencing, the state court was well within its authority to conduct the trial and sentencing in absentia. For this reason, even barring the issue of timeliness, Petitioner's Objection with respect to his trial in absentia will be overruled.

### C. Even If The Petition Were Timely, Petitioner's Claim Regarding An Illegal Sentence Is Meritless

In the Petition and his Objections, Petitioner makes an <u>Alleyne</u> claim, arguing that Judge Bronson imposed an "illegal sentence" for his conviction of possession with intent to distribute heroin. (Doc. No. 1 at 7-8; Doc. No. 22 at 3-4.) Because <u>Alleyne</u> cannot be applied retroactively to cases on collateral review, Petitioner's <u>Alleyne</u> claim is meritless.

In <u>Alleyne</u>, the Supreme Court held that any fact that triggers an increase in a defendant's mandatory minimum sentence for a crime constitutes an element of the offense that must be submitted to a jury and proven beyond a reasonable doubt. 570 U.S. 99, 111-116 (2013). The

Court in Alleyne reasoned that a departure from the mandatory minimum sentence implicates the right of a criminal defendant to a trial by jury under the Sixth Amendment:

> . . . the essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury. It is no answer to say that the defendant could have received the same sentence with or without that fact.

Id. at 114-115. In this Circuit, the Third Circuit Court of Appeals has unequivocally held that "Alleyne does not apply retroactively to cases on collateral review." United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014); United States v. Winkelman, 746 F.3d 134 (3d Cir. 2014). The Third Circuit recognized in Reyes that "the decision to make Alleyne retroactive rests exclusively with the Supreme Court, which has not chosen to do so." 755 F.3d at 213.

In this case, a jury convicted Petitioner of possession with intent to distribute heroin under 35 P.S. § 780-113(a)(30).[7] At the time, the penalty for a conviction under 35 P.S. § 780-113(a)(30) carried a five to ten year mandatory minimum sentence.[8] (Doc. No. 15 at 2.) Following the

---

[7] Under 35 P.S. § 780-113(a)(30), the following acts are prohibited:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

[8] The penalties for a conviction under 35 P.S. § 780-113(a)(3) are set forth at 35 P.S. § 780-113(f). For possession with intent to distribute heroin, a Schedule I drug, the current version of the statute provides for the following penalty:

> A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

15

conviction and without submitting anything to the jury, Judge Bronson deviated from the mandatory minimum and sentenced Petitioner to six and one half (6.5) to thirteen (13) years' imprisonment.[9] (Doc. No. 15-1.) Petitioner argues that Judge Bronson's unilateral upgrade of his sentence from the mandatory minimum without a jury determination was "illegal" based on Alleyne. (Doc. Nos. 1, 22.)

Petitioner's Objection to his sentence is meritless because it relies on a retroactive application of Alleyne. As previously noted, Petitioner did appeal his judgment of sentence or file any post-trial motions. Petitioner first made his Alleyne claim when he sought collateral review of his case by filing for state habeas corpus relief in 2017. (Doc. No. 15-6.) Given the Third Circuit's holding in Reyes, Petitioner's Alleyne claim is non-cognizable. For this additional reason, the Court will overrule Petitioner's Objections.

## V. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Hey's Report and Recommendation (Doc. No. 18) and will deny Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1). An appropriate Order follows.

---

35 P.S. § 780-113(f)(1); see 35 P.S. § 780-104(1)(ii) (listing heroin as a Schedule I drug).

[9] The state record and the record in this case do not contain the transcript of Petitioner's sentencing. In the government's Response to Petition for Writ of Habeas Corpus, counsel states that the notes of testimony of the sentencing are missing and that his attempts to obtain the notes have been unsuccessful. (Doc. No. 15 at 2 n.3.)